Wells Fargo Bank, N.A. v Quinche (2025 NY Slip Op 04936)

Wells Fargo Bank, N.A. v Quinche

2025 NY Slip Op 04936

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-01343
2024-01345
 (Index No. 30832/13)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Ruth Quinche, appellant, et al., defendants.

Fred M. Schwartz, Smithtown, NY, for appellant.
Friedman Vartolo, LLP, Garden City, NY (Zachary Gold of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ruth Quinche appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated October 17, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court also dated October 17, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On January 23, 2007, the defendant Ruth Quinche (hereinafter the defendant) executed a note in the sum of $367,500, which was secured by a mortgage on certain real property located in Mount Sinai. In March 2009, the defendant executed a modification agreement that would adjust, inter alia, the interest rate of the loan. The agreement provided that the loan modification would not go into effect unless the defendant executed the agreement and returned it to the lender by April 6, 2009. An executed agreement was received by the lender on April 30, 2009.
In November 2013, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. In an order dated October 30, 2017, the Supreme Court granted the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference and appointed a referee to compute the [*2]amount due to the plaintiff. In a report dated April 17, 2023, the referee computed the amount due by applying the interest rate set for the original loan.
The plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated October 17, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In an order and judgment of foreclosure and sale also dated October 17, 2023, the court, inter alia, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (CitiBank, N.A. v Milord-Jean-Gille, 233 AD3d 750, 751 [internal quotation marks omitted]; see Onewest Bank, FSB v Feffer, 210 AD3d 992, 993).
Here, there was sufficient evidence before the referee to demonstrate that the condition precedent of the loan modification was not satisfied and that the loan modification was not implemented. Accordingly, the referee resolved the question of the applicable interest rate by utilizing the interest rate associated with the original loan and not the loan modification, and the referee's report was substantially supported by the record. Thus, the Supreme Court properly confirmed the referee's report (see Wells Fargo Bank, N.A. v O'Brien, 234 AD3d 730, 732).
The parties' remaining contentions are either not properly before this Court or without merit.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court